# United States District Court
# Central District of California

| | |
|---|---|
| ANTHONY STISSI,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>BAG FUND, LLC; LEO FASEN; VINCENT J. QUIGG; STEWART TITLE GUARANTY COMPANY; EBS ESCROW; and DOES 1 through 80,<br><br>　　　　　　Defendants. | Case № 5:17-CV-00534-ODW-PLA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [84]; DENYING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT [81]; DENYING AS MOOT DEFENDANTS' MOTIONS TO STRIKE FIRST AMENDED COMPLAINT [77] [85]; AND DISMISSING CASE** |

## I.  INTRODUCTION

Pending before the Court are Defendants Bag Fund, LLC, Leo Fasen, and Vincent Quigg's Motion to Strike Plaintiff's First Amended Complaint ("FAC") (ECF No. 77), Motion to Dismiss the FAC (ECF No. 84), and Motion to Strike the FAC pursuant to California Code of Civil Procedure § 425.16. (ECF No. 85.)  The Court also considers Plaintiff Anthony Stissi's Motion to File a Second Amended Complaint.[1]  (ECF No. 81.)  For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 84), **DENIES** Defendants' Motions to

---

[1] After considering the papers filed in connection with the Motions, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Strike, as moot (ECF Nos. 77, 85), and **DENIES** Plaintiff's Motion to file a Second Amended Complaint. (ECF No. 84.)

## II. BACKGROUND

### A. Factual Background

Lake Valley Retrievals filed a lawsuit against Plaintiff on January 21, 2005, in the Superior Court of San Bernardino, Civil Case Number VCIVS036695, on behalf of Wells Fargo Bank. (FAC ¶ 19, ECF No. 68.) Plaintiff alleges that although the state-court complaint "seems to state a cause of action between Wells Fargo Bank and Plaintiff, there is no assignment of the debt from Wells Fargo Bank to Lake Valley Retrievals and Lake Valley Retrievals did not plead such in their Complaint." (*Id.* ¶ 20.) Even so, judgment was entered against Plaintiff on May 11, 2005, by way of clerk's default, in the amount of $7,907.07 (the "Judgment"). (*Id.* ¶ 21.) At the time of entry of default, the attorney for Lake Valley Retrievals, Raymond Marrero, calculated $734.69 in attorney fees. (*Id.* ¶ 22.) The Judgment was assigned to Defendant Bag Fund for collection on or about January 17, 2007. (*Id.* ¶ 21.)

At the time the Judgment was entered, Plaintiff owned property located at 17591 El Cajon Drive, Hesperia, California (the "Property"). (*Id.* ¶ 23.) Lake Valley recorded an abstract of judgment on August 5, 2005, which attached to the Property. (*See id.* ¶ 21.) Plaintiff later defaulted on his mortgage, and Bank of America foreclosed on the Property. (*Id.* ¶ 23.) U.S. Bank purchased the Property and then sold it to the current owners on March 20, 2012. (*Id.*) Defendant Stewart Title Guaranty Company, which was the title company during the sale to the current owners, failed to pay the lien on the Property before the close of escrow to the new buyers. (*Id.*)

Defendant Bag Fund renewed the Judgment on May 22, 2014. (*Id.* ¶ 24.) Defendant Fasen, on behalf of Bag Fund, requested an Abstract of Judgment, which he recorded in San Bernardino County on October 29, 2014. (*Id.*) On May 22, 2014, Fasen also filed a Memorandum of Costs for $1,900.00; $1,500.00 for attorney's fees

and $400 for "Title Search." (*Id.* ¶ 26.) Fasen also declared that the interest on the Judgment was $7,132.18. (*Id.*) Bag Fund then began contacting Plaintiff to collect on the Judgment. (*Id.* ¶ 27.)

Fasen filed three more Memoranda of Costs in November 2014, April 2015, and May 2015, for $4,022.00, $4,181.00, and $5,771.00, respectively. (*Id.* ¶¶ 28–30.) Defendant Quigg, an attorney for Bang Fund, later submitted a Memorandum of Cost in June 2015 for $11,466.00. (*Id.* ¶ 31.)

In 2015, Plaintiff entered escrow on a home, using Defendant EBS Escrow. (*Id.* ¶ 33.) During the process, the Bag Fund lien appeared on Plaintiff's title report. (*Id.*) EBS Escrow requested a pay-off demand from Bag Fund, and Bag Fund responded with a demand of $13,021.68. (*Id.*) The pay-off demand also indicated that Stewart Title would pay $20,000.00. (*Id.* ¶ 34.) EBS Escrow paid Bag Fund on Plaintiff's behalf, but Stewart Title never did. (*Id.*) In October 2016, Plaintiff was declined refinancing on his home as a result of the outstanding Judgment on his credit report. (*Id.* ¶ 36.)

Plaintiff alleges a number of deficiencies with the state court proceedings and subsequent Judgment, including that (1) the Judgment is void on its face, (2) the attorney's fees listed in the Memoranda of Costs were included without judicial determination, and (3) the Memorandum of Costs filed by Quigg is improper because, at the time of filing, he was not an attorney of record. (*Id.* ¶ 55.) Plaintiff alleges that Bag Fund, Fasen, and Quigg violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect on the Judgment, in light of these deficiencies. (*Id.* ¶¶ 51–55.) Plaintiff further alleges that Bag Fund and Fasen violated the Fair Credit Reporting Act ("FCRA") by failing to notify all consumer reporting agencies that the "derogatory remark on Plaintiff's credit report was inaccurate, false, and misleading." (*Id.* ¶ 74.) Plaintiff also asserts a number of state-law causes of action against Defendants.

## B. Procedural Background

On March 21, 2017, Plaintiff filed his Complaint, seeking damages for Defendants' abusive debt collection practices, which occurred when they attempted to collect on the Judgment. (Compl., ECF No. 1.) He claims breach of contract, intentional misrepresentations, intentional infliction of emotional distress, violations of consumer protection statutes, and violations of the FDCPA and FCRA. (*See generally* FAC.)

On August 24, 2017, Plaintiff moved to amend his Complaint under Rule 15(a)(2), citing the need to include "newly discovered facts." (ECF No. 57). The Court granted Plaintiff's unopposed Motion. (ECF No. 66.)

On October 11, 2017, Bag Fund, Fasen, and Quigg moved to strike the FAC, citing various violations of the Local Rules and Federal Rules of Civil Procedure. (ECF No. 77.) Plaintiff moved for leave to file a second amended complaint on November 1, 2017, once again citing the need to include "new facts." (ECF No. 81.) On November 3, 2017, Defendants moved to both strike the FAC pursuant to California's anti-SLAPP statute, Cal. Code of Civil Proc. § 425.16, and to dismiss the FAC for failure to state a claim and lack of subject matter jurisdiction.[2] (ECF Nos. 84, 85.) All of the aforementioned motions are opposed.[3]

## III. LEGAL STANDARD

### A. Motion to Dismiss

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination whether a complaint satisfies the plausibility standard is a

---

[2] Defendants Stewart Title Company and EBS Escrow did not join Bag Fund, Fasen, and Quigg's Motions to Strike and Dismiss Plaintiff's FAC. Therefore, the Court's references to "Defendants" throughout this Order refer only to Defendants Bag Fund, Fasen, and Quigg.

[3] Defendants request that the Court strike Plaintiff's Opposition to their Motion to Dismiss, because it far exceeds the twenty-five-page limit set by the local rules and this Court's Order. (Reply 3, ECF No. 96.) While such a sanction is certainly permissible (and quite tempting given Plaintiff's flagrant disregard for the page limits and this Court's Standing Order), the Court finds such a drastic sanction inappropriate.

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal Rule of Civil Procedure 12(b)(1) provides for a motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *See id.*; *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court need not presume the truthfulness of the plaintiff's allegations under a factual attack. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject-matter are viewed in the light most favorable to the opposing party. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment. *Id.*

## B. Motion to Amend Complaint

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or with the court's leave." That rule further provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This Court analyzes the following factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

## IV. DISCUSSION

### A. Motion to Dismiss

Defendants argue that the Court must dismiss the FAC because the Court lacks subject-matter jurisdiction over Plaintiff's claims under the *Rooker–Feldman* doctrine,[4] which prevents litigants from challenging "an injury caused by a state court judgment and seeking federal court review and rejection of the judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

Application of the *Rooker–Feldman* doctrine is limited to situations where a plaintiff alleges a de-facto appeal by both asserting errors by the state court and seeking relief from the state-court judgment as a remedy. *Id.* However, the Ninth Circuit has held that *Rooker–Feldman* may be applicable even where a plaintiff does not directly contest the merits of a state-court decision, but where the federal causes of action are "inextricably intertwined with the state court's decision such that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). In determining the applicability of the *Rooker–Feldman* doctrine, a district court must first decide whether the plaintiff is attempting a de-facto appeal of a state court judgment. *Bell*,

---

[4] The *Rooker–Feldman* doctrine derives its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

709 F.3d at 897. A de-facto appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id.*

With this case, Plaintiff does just that. He is not attacking Defendants' manner in collecting the debt—i.e. harassing phone calls or improper communications, a claim that could be actionable in federal court; rather, he is attacking the *amount* of the debt Defendants are attempting to collect, which is based on the Judgment and subsequent state-court filings. Plaintiff alleges that Defendants violated the FDCPA when they "took legal action against [] Plaintiff on a Judgment that was void on its face; added attorney fees without judicial determination; and filed a Memorandum of Costs by Vincent Quigg when he [was] not the attorney of record." (FAC ¶¶ 51–55.) Accordingly, were this Court to adjudicate the merits of this allegation, it would be forced to determine the validity of the underlying Judgment. This second-guessing of a state court's prior determination is the exact type of situation the *Rooker–Feldman* doctrine prohibits.

Plaintiff contends that the *Rooker–Feldman* doctrine does not apply, because he is not attacking the state court's Judgment but, rather, the Defendants' actions in seeking attorney's fees—namely, those included in the various Memoranda of Cost filed in the state court—to which they are not entitled. (Opp'n 47, ECF No. 89.) This argument lacks merit because, as explained above, Plaintiff explicitly alleges that the underlying Judgment is void. Even if the various filings of Memoranda of Costs were independently actionable, Plaintiff has not pleaded those acts independently of his attack on the underlying Judgment, nor as he alleged separate damages related to the Memoranda of Costs. (*See* FAC ¶¶ 51–55.) As Plaintiff has repeatedly pleaded his case, including in his recently submitted proposed second amended complaint, Plaintiff lumps all of the FDCPA allegations together, which would require the Court to question the validity of the underlying Judgment. Ultimately, these issues fall squarely within the realm of the state court, which is still in the process of hearing the

parties' disputes.[5] Therefore, under the *Rooker–Feldman* doctrine, the Court lacks subject-matter jurisdiction over Plaintiff's FDCPA claim.[6]

Plaintiff's FCRA claim fails for the same reason. Plaintiff alleges that Defendants violated the FCRA by "failing to notify all consumer reporting agencies that the derogatory remark on Plaintiff's credit report was inaccurate, false, and misleading." (FAC ¶ 74.) Adjudicating the merits of this claim, however, would require a determination of whether the "derogatory remark," i.e. the Judgment, was actually inaccurate, false, or misleading. Such an inquiry is "inextricably intertwined" with the state court's decision. *See Reusser*, 525 F.3d at 859.

Therefore, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's FDCPA and FCRA claims. As explained below, this finding is dispositive of the entire case. For that reason, the Court declines to address Defendants' other arguments contained in their Motion to Dismiss and Motions to Strike.

**B.  Motion to Amend Complaint**

Plaintiff moves for leave to file a second amended complaint, once again citing "new facts" that he would like to include in his pleading. (ECF No. 81.) The Court **DENIES** Plaintiff leave to file an amended complaint, because leave to amend would be futile. Plaintiff's proposed Second Amended Complaint contains no additional facts that would cure the defects explained above.[7] Additionally, Plaintiff has already

---

[5] Both parties have requested the Court to take judicial notice of various filings from the related state-court case, which is still currently pending in San Bernardino. (*See, e.g.*, Plaintiff's Requests for Judicial Notice, ECF Nos. 91, 93; Defendants' Request for Judicial Notice, ECF No. 101.) Although a court may take judicial notice of the existence and content of files in another court, it cannot take judicial notice of the truth of the facts recited therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–90 (9th Cir. 2001). Therefore, the Court **GRANTS** the parties' Requests for Judicial Notice for this limited purpose. (ECF Nos. 91, 93, 101.)

[6] With this finding, the Court joins multiple other district courts in concluding that the *Rooker–Feldman* doctrine bars a district court from reviewing an FDCPA claim that challenges the validity of a debt authorized by a state court judgment. *See Fleming v. Gordon & Wong Law Group, P.C.*, 723 F. Supp. 2d 1219, 1223 n.8 (N.D. Cal. 2010) (collecting cases).

[7] The Court notes that Plaintiff failed to comply with the Court's Standing Order regarding Motions to Amend Pleadings, which requires that all such motions provide "the page and line numbers and wording of any proposed change or addition of material." *See* Court's Standing Order VII.B.1,

had two attempts to plead claims that can be heard in this Court. *See Allen*, 911 F.2d at 373 ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint"). Therefore, the Court **DENIES** Plaintiff's Motion to File a Second Amended Complaint. (ECF No. 81.)

**C. The Court Declines to Exercise Supplemental Jurisdiction**

As discussed above, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's two federal causes of action for violations of the FDPCA and the FCRA. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.[8]

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss the FAC (ECF No. 84), and **DENIES** Plaintiff's Motion to File a Second Amended Complaint. (ECF No. 81.) The Court **DENIES AS MOOT** Defendants' Motions to Strike. (ECF Nos. 77, 85.) Additionally, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and therefore **DISMISSES** this action. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

January 10, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

*available at* http://www.cacd.uscourts.gov/honorable-otis-d-wright-ii. While the Court declines to deny Plaintiff's Motion on this basis, the Court urges Plaintiff's counsel to closely consult the Local Rules and any relevant Standing Orders before submitting any future federal-court filings.

[8] Plaintiff asserted only state-law claims against Stewart Title and EBS Escrow.