O
Previously **JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| ANTHONY STISSI, <br><br> Plaintiff, <br><br> v. <br><br> BAG FUND, LLC; LEO FASEN; VINCENT J. QUIGG; STEWART TITLE GUARANTY COMPANY; EBS ESCROW; and DOES 1 through 80, <br><br> Defendants. | Case № 5:17-CV-00534-ODW-PLA <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [116]** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Anthony Stissi's Motion for Reconsideration of the Court's Order Granting Defendants' Motion to Dismiss. (Mot., ECF No. 116.) For the following reasons, the Court **DENIES** Plaintiff's Motion.[1]

## II. BACKGROUND

The Court set out the factual and procedural background of this case in its Order Granting Defendants' Motion to Dismiss. (MTD Order, ECF No. 103.) Instead

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

of repeating that background here, the Court incorporates its earlier Order by reference. The Court provides only a brief summary for contextual purposes here.

Plaintiff initiated this lawsuit on March 21, 2017, seeking to recover damages related to Defendants' attempts to collect on a state-court judgment entered against Plaintiff. (ECF No. 1.) In his operative, First Amended Complaint, Plaintiff alleged a number of deficiencies with the state-court proceedings and subsequent judgment, including that (1) the judgment was void on its face, (2) the attorney's fees listed in the Memoranda of Costs were included without judicial determination, and (3) the Memorandum of Costs filed by Defendant Quigg was improper because, at the time of filing, he was not an attorney of record. (First Am. Compl. ¶ 55, ECF No. 68.) Plaintiff alleged that Defendants Bag Fund, Fasen, and Quigg violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect on the Judgment, in light of these deficiencies. (*Id.* ¶¶ 51–55.) Plaintiff further alleged that Bag Fund and Fasen violated the Fair Credit Reporting Act ("FCRA") by failing to notify all consumer reporting agencies that the "derogatory remark on Plaintiff's credit report was inaccurate, false, and misleading." (*Id.* ¶ 74.) Plaintiff also asserted a number of state-law causes of action against Defendants.

Defendants Bag Fund, Fasen, and Quigg moved to dismiss Plaintiff's First Amended Complaint for failure to state a claim and lack of subject matter jurisdiction. The Court granted Defendants' Motion to Dismiss, finding that it lacked subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which prevents litigants from challenging "an injury caused by a state court judgment and seeking federal court review and rejection of the judgment." (MTD Order 6–9 (quoting *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).) The Court rejected Plaintiff's argument that the *Rooker-Feldman* doctrine did not apply because he did not attack the state court's judgment but, rather, the Defendants' actions in seeking attorney's fees to which they were not entitled. (*Id.* at 7.) The Court explained that Plaintiff explicitly

alleged that the underlying judgment is void and that he did not plead the various Memoranda of Costs as independently actionable. (*Id.*)

### III. LEGAL STANDARD

Central District Local Rule 7-18 provides for a motion for reconsideration of a decision:

> on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Motions for reconsideration are disfavored and are rarely granted." *Collins v. U.S. Citizenship & Naturalization Serv.*, No. CV 11-9909-JFW SSX, 2013 WL 776244, at *1 (C.D. Cal. Feb. 6, 2013) (citations omitted).

### IV. DISCUSSION

Plaintiff argues that newly-discovered material facts require reconsideration of the Court's previous Order and points to a recent state-court Order that reduced the amount of the attorneys' fees sought by Defendants. (Mot. 2.) Defendants argue that the state-court order is not a "new" fact because the state court issued it on November 9, 2017, and this Court entered its Order on January 10, 2018. The Court agrees that the state-court order is not "a material difference in fact that in the exercise of

reasonable diligence could not have been known to Plaintiff at the time of such decision" or a "new material fact." *See* C.D. Cal. L.R. 7-18. While Plaintiff contends that the state-court order did not become "final" until the 90-day appeal period expired, the Court does not find this argument persuasive. (Reply 2, ECF No. 118.) The state-court order was released well before the Court issued its previous Order and before Plaintiff opposed Defendants' Motion to Dismiss. (*See* ECF Nos. 89, 103.)

Additionally, the state-court order does not affect the Court's previous reasoning. The Court previously found that Plaintiffs' claims, as pleaded, required a determination of whether the underlying state-court judgment was void, which amounted to an improper de-facto appeal. As the Court explained:

> Plaintiff alleges that Defendants violated the FDCPA when they "took legal action against [] Plaintiff on a Judgment that was void on its face; added attorney fees without judicial determination; and filed a Memorandum of Costs by Vincent Quigg when he [was] not the attorney of record." (FAC ¶¶ 51–55.) Accordingly, were this Court to adjudicate the merits of this allegation, it would be forced to determine the validity of the underlying Judgment. This second-guessing of a state court's prior determination is the exact type of situation the *Rooker–Feldman* doctrine prohibits.

(MTD Order 7.) The Court also held that "[e]ven if the various filings of Memoranda of Costs were independently actionable, Plaintiff has not pleaded those acts independently of his attack on the underlying Judgment, nor has he alleged separate damages related to the Memoranda of Costs." (*Id.*) Therefore, the state court's decision to reduce the amount of fees requested in the Memoranda of Costs does not affect the outcome of the Court's previous decision.

///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration. (ECF No. 116.)

**IT IS SO ORDERED.**

June 22, 2018

                                                    _____
                                                    **OTIS D. WRIGHT, II**
                                                    **UNITED STATES DISTRICT JUDGE**