# United States District Court
# Central District of California

| | |
|---|---|
| ANTHONY STISSI, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>BAG FUND, LLC; LEO FASEN; VINCENT J. QUIGG; STEWART TITLE GUARANTY COMPANY; EBS ESCROW; and DOES 1 through 80, inclusive,<br><br>　　　　　　Defendants. | Case № 5:17-cv-00534-ODW (PLA)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES [132]** |

## I. INTRODUCTION

Defendant Bag Fund, LLC moves for attorneys' fees for work completed in defending against Plaintiff's Complaint. (*See generally* Mot. for Attorney Fees ("Mot."), ECF No. 132.) For the reasons discussed below, the Court **DENIES** Defendant's Motion.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2017, Plaintiff filed a Complaint against various defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; and other state law claims. (*See generally* Compl., ECF No. 1.) On January 10, 2018, the Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction over Plaintiff's federal law claims and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (Order Granting Mot. to Dismiss ("Order Granting MTD"), ECF No. 103.) On January 25, 2018, Defendant Bag Fund, LLC filed a Motion for Attorneys' Fees. (ECF No. 104.) On July 12, 2018, the Court terminated the motion in light of Defendant's same pending fee motion in state court and instructed Defendant that, should it be necessary, it should refile its motion no later than thirty days after the date of the state court decision. (Minute Order, ECF No. 126.)

On October 24, 2018, the state court issued its decision granting Plaintiff's Motion to Tax Costs in its entirety and denying Defendant's Motion for Attorneys' Fees. (Decl. of Therese S. Harris ("Harris Decl.") Ex. 3 ("Notice of Ruling"), at 20–21, ECF Nos. 135-5–135-6.) On November 21, 2018, Defendant filed a Notice of Motion for Attorney Fees, but failed to file the Memorandum of Points and Authorities until November 27, 2018. (*See* Notice of Mot., ECF No. 127; ECF No. 129.) Accordingly, on November 28, 2018, the Court struck the November 21 Motion for Attorneys' Fees due to Defendant's filing errors. (Order, ECF No. 131.) Defendant re-filed its Motion for Attorneys' Fees along with the supporting evidence and declarations on November 28, 2018, five days after the deadline set by the Court. (*See generally* Mot.)

## III. LEGAL STANDARD

In the Ninth Circuit, a district court that has dismissed a case for lack of subject matter jurisdiction also lacks jurisdiction to award attorneys' fees. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007) ("A court that lacks

jurisdiction . . . lacks the authority to award attorneys' fees."); *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir. 1992); *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988). When fee-shifting statutes do not "provide an independent grant of jurisdiction," they "cannot themselves confer subject-matter jurisdiction." *Zambrano v. Immigration & Naturalization Serv.*, 282 F.3d 1145, 1150 (9th Cir. 2002), *amended*, 302 F.3d 909 (9th Cir. 2002).

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). The defendant bears the burden of showing, by more than a "conclusory assertion," that the plaintiff acted in bad faith and for the purpose of harassment. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940–41 (9th Cir. 2007). As long as the plaintiff's claim is "'minimally colorable,' a district court does not abuse its discretion in finding the suit was brought in good faith." *Fields v. Credit Mgmt. Sys.*, No. EDCV 14-1853 JGB (SPx), 2016 WL 9088755, at *3 (C.D. Cal. Apr. 20, 2016) (quoting *Guerrero*, 499 F.3d at 940).

## IV.  DISCUSSION

The Court lacks jurisdiction to award attorneys' fees in this case, and even if this Court had jurisdiction, the Court cannot make a finding that the action was brought in bad faith and for the purpose of harassment

The Ninth Circuit has consistently applied the rule against awarding attorneys' fees when the court lacks subject matter jurisdiction "to a broad array of fee-shifting statutes." *Zambrano*, 282 F.3d at 1150. Unless the statute provides an independent grant of subject-matter jurisdiction, this rule applies regardless of which "specific fee-shifting statute [is] involved." *Id*.

The Court dismissed Plaintiff's federal claims for lack of subject matter jurisdiction and declined to extend supplemental jurisdiction over Plaintiff's state-law claims. (Order Granting MTD 8.) Specifically, the Court found that if it were to

adjudicate the merits of the FDCPA and FCRA allegations, "it would be forced to determine the validity of the underlying [state-court] Judgment," and as a result, "under the *Rooker-Feldman* doctrine," "the Court . . . lacks subject-matter jurisdiction to hear Plaintiff's FDCPA and FCRA claims." (*Id.* at 7–8.) Nor does the Court find that 15 U.S.C. § 1692k(a)(3) provides the Court with an independent grant of subject matter jurisdiction. Thus, the Court does not have jurisdiction to award attorneys' fees.

Even if the Court had jurisdiction to award attorneys' fees, Defendant has not made the necessary showing of bad faith under § 1692k(a)(3). For the Court to award attorneys' fees under the FDCPA, Defendant bears the burden of putting forth "evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with the purpose of harassing the defendant." *Gorman v. Wolpoff & Abramson, LLP*, 435 F. Supp. 2d 1004, 1013 (N.D. Cal. 2006), *aff'd in part, rev'd in part*, 584 F.3d 1147 (9th Cir. 2009). While the existence of a "decision squarely establish[ing] that [the plaintiff's] claim was without merit" could constitute bad faith, mere misapplication of legal principles does not. *Juras v. Aman Collection Serv., Inc.*, 829 F.2d 739, 745 (9th Cir. 1987).

Beyond conclusory statements, Defendant has not met its burden in demonstrating that Plaintiff knew that its claim was meritless. Defendant does not cite any case law discussing the application of § 1692k(a)(3), and "[t]his alone is grounds to deny the motion." *See Fields*, 2016 WL 9088755, at *3. Defendant also does not mention that the Complaint was brought for the purpose of harassment, as required by the statute. *See Bonner v. Redwood Mortg. Corp.*, No. C 10-00479 WHA, 2010 WL 2528962, at *5 (N.D. Cal. June 18, 2010) (citing *Guerrero*, 499 F.3d at 940–41) (declining to award attorneys' fees under § 1692k, despite finding the plaintiff acted in bad faith, where the defendant failed to show the plaintiff's purpose was to harass).

The Court lacks subject matter jurisdiction, and Defendant failed to make the requisite showing that it is entitled to attorneys' fees.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

April 29, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**